IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| CASA FORD, INC. D/B/A CASA FORD LINCOLN,<br>      Plaintiff,<br><br>v.<br><br>THE DEPARTMENT OF THE ARMY,<br>      Defendant. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 3:20-cv-00078<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A.  PARTIES

1. Plaintiff, Casa Ford, Inc. d/b/a Casa Ford Lincoln, is a corporation that is organized under the laws of the State of Texas.

2. Defendant, the Department of the Army, an agency of the United States of America, may be served by serving the United States through delivering a copy of the summons and of the complaint to the United States Attorney for the Western District of Texas and by sending a copy of the summons and of the complaint by certified mail to the Attorney General of the United States and to Defendant in accordance with Federal Rule of Civil Procedure 4(1)-(2).

### B.  JURISDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to 5 U.S.C. § 702, which provides for judicial review of agency action under the Administrative Procedures Act.

### C.  VENUE

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(e)(1) because the Department of the Army resides in this district; venue in this judicial district is further proper under

28 U.S.C. § 1391(e)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### D. CONDITIONS PRECEDENT

5. All conditions precedent have been performed or have occurred.

### E. FACTS

6. On May 28, 2018, a single car accident occurred after the right rear tire on a 2015 Ford Transit Van (subject van) suffered a tread-belt separation.

7. Plaintiff was named as a defendant in a civil lawsuit that stemmed from the aforementioned accident.

8. At the time of the aforementioned accident, the subject van was possessed and maintained by the Army, and the subject van's use on May 28, 2018 was sanctioned by the Army.

### F. PROCEDURAL BACKGROUND

9. This complaint for violations under the Administrative Procedures Act (APA) is timely as it is filed within six years after the right of action first accrued. *See* 28 U.S.C. § 2401.

10. On November 8, 2019, Plaintiff submitted a *Touhy* Request to the Army seeking information related to the subject van's use on the day of the accident and the subject van's maintenance history pursuant to Chapter 32 of the Code of Federal Regulations Part 516, et. seq. *See* Exhibit "A."

11. On January 23, 2020, the Army responded to the *Touhy* Request. *See* Exhibit "B."

### G. COUNT ONE – THE DEPARTMENT OF THE ARMY'S VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT 5 U.S.C. § 706(2)(A)

12. Plaintiff hereby realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 11 as though set forth fully herein.

13. Plaintiff has standing to bring this action. A person "adversely affected or aggrieved by agency action…is entitled to judicial review thereof." 5 U.S.C. § 702. Plaintiff is a person who was adversely affected or aggrieved by the action of the Army, in that it requires the documentation outlined in its *Touhy* Request to defend against a pending civil lawsuit, which was disclosed to the Army. Specifically, Plaintiff requested the documents to obtain an understanding of the maintenance history and prior use of the subject van in order to aid in the determination of the cause of the accident. In the pending civil lawsuit, Casa Ford is alleged to be responsible for the damages after performing a state inspection on the subject van 45 days prior to the single car accident on May 28, 2019. Without the documentation from the Army, Casa Ford is unable to fully defend against the claims against it in the pending civil lawsuit.

14. Plaintiff has fully complied with all procedural requirements of the Army, and no further right of review or appeal or other remedy is available to plaintiff before the Army. "Final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.

15. A reviewing court may "hold unlawful and set aside agency action . . . found to be –arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In making the determination that the agency acted in an arbitrary and capricious manner, "the court shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706.

16. Plaintiff alleges that the Army acknowledged in their response to requests they assigned as numbers 2, 3, 11, 12, 13, and 14 that each respective request was approved without objection. However, rather than providing the documentation as requested, Plaintiff alleges that the Army acted arbitrarily and capriciously in its responses in the following ways:

      a.      By providing documentation authorizing the use of the subject van on dates other than on the date of the accident with the subject van as requested;

      b.      By failing to provide complete documentation concerning the entirety of the subject van's maintenance/repair history;

      c.      By failing to provide complete documentation concerning all annual state safety inspections performed on the subject van;

      d.      By failing to provide the title to the subject van and/or other responsive documents concerning the subject van's requisition by the Army; and

      e.      By failing to provide complete documentation concerning each of the subject van's four tires.

17.     Plaintiff alleges that the Army provided documents authorizing the use of the subject van on dates other than the date of the accident, May 28, 2018. Specifically, they provided documents authorizing the use of the subject van on November 18, 2015, which is two and half years prior to the date of the single car accident made the basis of the pending civil lawsuit in which Casa Ford is named.

18.     Plaintiff alleges that the Army failed to provide a complete account of the subject van's maintenance and repair history from the date of acquisition to the date of the accident. Specifically, the Army provided four invoices for services made to the subject van between January 18, 2017 and April 18, 2018. The subject van is a 2015 Ford Transit Van. Through the documents provided, the earliest dated document is from November 18, 2015, which means up to two years' worth of service invoices are missing from the Army's response. Plaintiff alleges that the Army acted in an arbitrary and capricious nature by ignoring the any and all maintenance,

repairs, and/or replacements to parts on the subject van that occurred after the Army acquired the subject van in 2015 and May 28, 2018.

19. Plaintiff alleges that the Army failed to provide a complete account of the subject van's annual state safety inspections from the date of acquisition to the date of the accident. Specifically, the Army provided one state safety inspection performed by Plaintiff on April 18, 2018. Again, the subject van is a 2015 Ford Transit Van, which means that there are additional annual state safety inspections performed on the subject van between 2015 and 2017 that the Army failed to produce. Plaintiff alleges that the Army acted in an arbitrary and capricious nature by ignoring the inspections, that are required by law, between 2015 and 2017.

20. Plaintiff alleges that the Army failed to provide the title of the subject van. Plaintiff further alleges that instead, the Army directed Plaintiff to arbitrary and capricious "hand receipt/annex number" documents that are irrelevant and nonresponsive to Plaintiff's request for the title of the subject van.

21. Plaintiff alleges that the Army failed to provide a complete account of the subject van's tires. Specifically, the Army provided only one invoice for one of the subject van's four tires. Plaintiff alleges that the Army acted in an arbitrary and capricious nature by ignoring three of the four tires on the subject van as well as by failing to evidence activity between 2015 and 2018.

### H. CONCLUSION

22. Plaintiff has fully complied with all procedural requirements of the Army, and no further right of review or appeal or other remedy is available to plaintiff before the Army. Thus, this agency action is considered final and subject to judicial review. The Army is the only source of the documentation that Plaintiff requires to fully understand the subject van's use and maintenance history and formulated a defense therefrom. Plaintiff will suffer loss and injury in an

unascertained but substantial amount without the requested documentation from the Army relating to the subject matter of the pending civil lawsuit that Casa Ford is named, thereby causing Plaintiff to suffer great and irreparable damage for the inability to properly defend themselves. The Army did not object to the requests outlined in this Complaint, yet responded in an arbitrary and capricious manner, which is not accordance with law.

## I.  PRAYER

THEREFORE, Plaintiff Casa Ford, Inc. d/b/a Casa Ford Lincoln respectfully requests judgment against Defendant the Department of the Army for the following:

a. A declaration that the Department of the Army's determination in their response to the *Touhy* Request submitted by Casa Ford on November 8, 2019 was arbitrary and capricious, and not in accordance with law, in violation of the Administrative Procedures Act. 5 U.S. C. § 706(2)(A).

b. A preliminary and final injunction against withholding the information discussed in this Complaint from Casa Ford;

c. A demand to the Department of the Army that it is to disclose in its entirety all documentation that authorized the use of the subject van on May 28, 2018, the date of the accident with the subject van; all documentation concerning the entirety of the subject van's maintenance/repair history from the moments of acquisition to May 28, 2018; all annual state safety inspections performed on the subject van between the moments of acquisition to May 28, 2018; the title to the subject van and/or other responsive documents concerning the subject van's requisition by the Army; and all documentation concerning each of the subject van's four tires from the date of acquisition to May 28, 2018; and

    d.  Order such other and further relief as may be equitable, just, and appropriate.

        Respectfully submitted,

        **MILLER & BROWN, L.L.P.**

    By:    */s/J. Robert Miller, Jr.*
              **J. ROBERT MILLER, JR.**
              Attorney-in-Charge
              State Bar No. 14092500
              rmiller@miller-brown.com

400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

ATTORNEYS FOR PLAINTIFF